MERCHANTS NATIONAL BANK OF ST. PAUL v. CITY OF EAST GRAND FORKS.[1]

February 17, 1905.

Nos. 14,185—(207).

**Statute Constitutional.**

Chapter 382, p. 690, Laws 1903, entitled "An act relating to public improvements heretofore or hereafter made in all villages and in cities of ten thousand or less inhabitants, to the levying of assessments to defray the expenses thereof, and to the issuance of evidence of indebtedness in anticipation of their collection," is not obnoxious to the constitutional pro-

[1] Reported in 102 N. W. 703.

vision that "no law shall embrace more than one subject, which shall be expressed in its title."

### Right to Existing Defenses.

A vested right to existing defenses is under the protection of the law. save only as to those defenses which are based on informalities not affecting substantial rights, which do not touch the substance of the contract, and are not based on equity or justice.

### Legislative Authority over Municipalities.

The state can compel any of its political subdivisions to recognize and pay obligations which were not cognizable in any court of law, but which are based upon considerations so thoroughly equitable and moral as to deserve and receive favorable legislative consideration.

### Decision of Arbitrator.

A decision of a person designated in a contract as the final arbitrator as between the parties to that contract is conclusive upon them, in the absence of fraud or of such gross mistake as would necessarily imply bad faith, or of failure to exercise honest judgment.

### Compulsory Payment of Warrants.

An act of the legislature may constitutionally require a city to pay a third person, to whom a contractor assigned outstanding warrants, signed by a mayor and indorsed by the city treasurer as payable in the future, which are based on estimates issued by a city engineer, upon whom the contract confers large, if not conclusive, powers of determination, and approved by the city council.

### Curative Act.

The curative effect of such an act is here held applicable to the right of recovery based on a detailed examination of the legal effects of the facts that the warrants exceeded the statutory limits of city indebtedness: that no money was in the city treasury to pay the warrants, and no provision made for obtaining it; that no bond was given, as required by statute, to pay claims for work and material; and of the legal effect of the claim that the contract was not performed, and that the work done was of no value, but was a positive injury, to the city.

Appeal by defendant from a judgment of the district court for Polk county, entered pursuant to the findings and order of Watts, J. Affirmed.

F. C. Massee, G. A. E. Finlayson, and A. A. Miller, for appellant. Davis, Kellogg & Severance, for respondent.

JAGGARD, J.

This was an action brought against the city of East Grand Forks to recover on certain warrants issued by that city, with interest.

That city entered into a contract for paving certain streets with one Thornton. As the work progressed, estimates due and payable in the succeeding month were furnished by the city engineer, and were allowed by the city council. Upon them, six warrants on the city treasurer, aggregating $8,000, were issued to the contractor, and in course of time were duly presented for payment. Payment was refused for lack of funds. The treasurer indorsed the warrants as registered, and as drawing interest until presented for payment. These warrants were pledged to the plaintiff as collateral security for loans, and became its absolute property through foreclosure proceedings.

The defenses interposed were (1) the illegality of the contract; and (2) the contractor's failure to perform. Upon the trial the court made rulings as to the evidence, and finally based its findings of fact and conclusions of law and order for judgment for the plaintiff, in the full amount claimed, upon the proposition that the contract was validated and the warrants legalized by section 9, c. 382, p. 695, Laws 1903. The exceptions taken by the defendant at the time of the trial, and its assignments of error here, present clearly and fully to this court the question of the correctness of that ruling.

1. The first contention of the defendant was that the learned court below was in error, because the law itself was unconstitutional, inasmuch as it conflicts with section 27, article 4, of the state constitution: "No law shall embrace more than one subject, which shall be expressed in its title." The title of the act is as follows:

> An act relating to public improvements heretofore or hereafter made in all villages and in cities of ten thousand or less inhabitants, to the levying of assessments to defray the expenses thereof, and to the issuance of evidence of indebtedness in anticipation of their collection.

The first eight sections of the chapter provide procedure for cities and villages of less than ten thousand inhabitants in making improvements in general, and also provide for payment by means of local assessments. Section 9 reads as follows:

> Whenever any village or city within the purview of this act has heretofore made or caused to be made any such improvement or has issued evidences of indebtedness to defray the cost of

any such improvement in whole or in·part, all undertakings and agreements and all proceedings of whatever nature had or made by it with reference to such improvement, and any such evidence of indebtedness are hereby validated and legalized.; and such village or city is hereby empowered to complete the same, to pay any such evidences of indebtedness already issued, and to provide funds for the completion of any such improvement by proceeding as in this act provided.

One objection to the title of the act is based on its argued failure to give to. any person interested reasonable notice of the character of the legislation, and to set forth that the act legalizes any contract or suspends the operation of laws limiting the indebtedness of cities. An examination of the title, however, shows that it clearly and adequately indicates the subject-matter which follows, and is well designed to sub·serve purposes of indexing. It expressly refers to improvements "heretofore or hereafter made." The first eight sections relate to improvements thereafter made; the ninth section, to improvements theretofore made. The title does not set forth the whole of the statute, nor is this essential. The courts have inclined to a reasonable, but liberal, construction of the constitutional inhibition.. It is sufficient if the title is "fairly suggestive." "It was not intended to embarrass legislation by making laws more restrictive in their scope and operation than is reasonably necessary in order to conserve the purpose for which the constitutional limitation was adopted." Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; Ek v. St. Paul Permanent Loan Co., 84 Minn. 245, 84 N. W. 844; State v. Board of Control, 85 Minn. 165, 88 N. W. 533; State v. Board of Co. Commrs. of Renville County, 83 Minn. 65, 85 N. W. 830; Lien v. Board of Co. Commrs. of Norman County, 80 Minn. 64, 82 N. W. 1094; State v. Cassidy, 22 Minn. 312.

The second objection to the title, on the ground of duplicity, is not well taken. The act, taken as a whole, provides a complete code to be followed by cities of a certain class with respect to public improvements. It was designed to enable such cities to extricate themselves from preceding complications (section 9), and to proceed in the future in an orderly and effective way (sections 1 to 8). Section 9 is entirely germane to the general subject. "To constitute duplicity of subject," said Justice Mitchell in Johnson v. Harrison, 47 Minn. 575, 50 N. W.

923, "an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having any legitimate connection with or relation to each other." And see In re Piedmont Avenue East, 59 Minn. 522, 61 N. W. 678; State v. Starkey, 49 Minn. 503, 52 N. W. 24; City of Crookston v. Board of Co. Commrs. of Polk County, 79 Minn. 283, 82 N. W. 586.

2. The second contention of the defendant was that a vested cause of action is beyond legislative impairment, and that a vested right to an existing defense is equally protected, saving only those which are based on informalities not affecting substantial rights, and which do not touch the substance of the contract, and are not based on equity and justice. Justice Matthews, in Pritchard v. Norton, 106 U. S. 124, 132, 1 Sup. Ct. 102; and see Farnsworth L. & R. Co. v. Commonwealth T. I. & T. Co., 84 Minn. 62, 86 N. W. 877. Because, "in the nature of things, there can be no vested right to violate a moral duty or to resist the performance of a moral obligation." Grinder v. Nelson, 9 Gill (Md.) 299.

The decision of this branch of the case is not, however, determined by limitations placed by the constitution upon the power of the legislature to affect private property. The question here is whether the state legislature has the power to impose upon a municipal corporation the payment of certain disputed obligations. The result of the exercise of that discretion is upon taxation. Now, it is well settled that the power which the legislature may "exercise over the revenues of the state it may exercise over the revenues of a city for any purpose connected with its present or past condition." Justice Field in New Orleans v. Clark, 95 U. S. 644, 654. In following this case, Justice Peckham says in Guthrie Nat. Bank v. Guthrie, 173 U. S. 528, 537, 19 Sup. Ct. 513: "In the exercise of this jurisdiction over municipal corporations by the state or by the territorial legislature, no constitutional principle is violated. It is a jurisdiction which has been customarily exercised ever since the foundation of the government, and is based upon the power of the state, as sovereign, to itself recognize, or to compel any of its political subdivisions to recognize, those obligations which, while not cognizable in any court of law, are yet based upon considerations so thoroughly equitable and moral as to deserve and compel legislative recognition." And in Utter v. Franklin, 172 U. S. 416, 19 Sup. Ct.

183, there was sustained the action of Congress in validating bonds issued by a territory, declared void because not necessary to the administration of internal affairs, Lewis v. Pima County, 155 U. S. 54, 15 Sup. Ct. 22, in a suit brought before the passage of the curative act.

This principle has been recognized and enforced in this state.    State v. City of Lake City, 25 Minn. 404; Kunkle v. Town of Franklin, 13 Minn. 119 (127); and see Nash v. Lowry, 37 Minn. 261, 33 N. W. 787; Flynn v. Little Falls E. & W. Co., 74 Minn. 180, 77 N. W. 38, 78 N. W. 106; People v. Burr, 13 Cal. 343; Town v. Board, 13 N. Y. 143; Grover v. Inhabitants, 11 Allen, 88; Bartholomew v. Town, 33 Conn. 408; Booth v. Town, 32 Conn. 118; Freeland v. Hastings, 10 Allen, 570; Schofield v. Watkins, 22 Ill. 66; Read v. Plattsmouth, 107 U. S. 568, 2 Sup. Ct. 208; U. S. v. Realty Co., 163 U. S. 427, 16 Sup. Ct. 1120.

The immediate question to be here decided is whether the legislature has the power to cure the defects involved in these warrants, eliminate the defenses herein interposed, and require the city to discharge these particular obligations.    That the contract was void for three reasons was contended by defendant and denied by plaintiff:

1. There was no money in the treasury to pay the warrants, and no provision made for securing it, as required by the law under which defendant was incorporated.    This statute, however, expressly excepts cases otherwise therein provided for.    Here the contract is to be paid by local assessment.    Therefore it was argued that the vitiating provision does not apply.    See Comstock v. Incorporated Village, 61 Oh. St. 288, 56 N. E. 15.

2. No bond was given to secure claims for work and material, as required by chapter 321, p. 535, Laws 1901.    But no such claims appear unpaid, and an adequate bond was given the city, which protected fully.

3. The warrants created an indebtedness in excess of amount prescribed for the city.    It was impliedly conceded that the curative law is valid so far as it affects all the objections of the defendant on these grounds.

It was further contended, however, that the curative act did not serve to eliminate the objection that the contractor failed to perform his contract, that there was no consideration for the warrants, and that

the work done was not only of no value, but was an injury, to the city. That contract and the specifications, construed as a whole, made the city engineer the sole arbitrator both of requirements and of performance, subject, however, to the effect to be given one clause. That clause provided that there should be retained twenty five per cent. of estimates given by the engineer as the work progressed, and that no estimate should be considered as an acceptance of any work which might prove defective before the final acceptance of the whole. This provision is to be given a restrictive construction. The present action is not upon a completed contract. The city defaulted. Accordingly, with much show of justice, the plaintiff urged that this case fell within the well-settled rule, of almost universal acceptance, that the provisions of a contract constituting a designated person as the final arbitrator are valid and enforceable. His decision in any matter within his authority under the terms of the contract is conclusive upon the parties, in the absence of fraud or of such gross mistake as would necessarily imply bad faith, or of failure to exercise honest judgment. Justice Harlan, in Kihlberg v. U. S., 97 U. S. 398, and Chief Justice Waite, in Sweeney v. U. S., 109 U. S. 618, 3 Sup. Ct. 344; and see St. Paul & N. P. R. Co. v. Bradbury, 42 Minn. 222, 44 N. W. 1; Langdon v. Northfield, 42 Minn. 464, 44 N. W. 984; King v. City of Duluth, 78 Minn. 155, 80 N. W. 874; and many similar cases collected in brief for plaintiff.

Moreover, the estimates, issued by the engineer and certified to by him and by the city council, were taken up by the city authorities, and in lieu thereof warrants were issued, signed by the mayor, and indorsed by the city treasurer as payable, with interest, in the future.

This examination has been made along the lines of the contentions and concessions of counsel, not to ascertain whether or not defendant was entitled to prevail on the merits, but to make specific the subject-matter to which this curative act is here to be applied, and to make possible an exact determination of the constitutional propriety of such an obligation. The curative act is accordingly valid, as concerns its legalizing effect, on both technical and nontechnical defenses, because it is the exercise of the unquestioned discretion of the legislature in requiring a municipal corporation to pay a disputed obligation.

Judgment affirmed.