AARON BERMAN v. C. N. COSGROVE and Others.[1]

June 30, 1905.

Nos. 14,415—(168).

**State Agricultural Society.**

The State Agricultural Society, as a department of the state government, and its officers and board of managers, as public officials, are exempt from liability for suits for false imprisonment. Berman v. Minnesota State Agricultural Society, 93 Minn. 125, followed.

**Title to Act.**

The title to chapter 126, p. 170, Laws 1903, sufficiently sets forth the subject-matter of the subsequent provisions thereof, and does not pertain to more than one subject.

**Collateral Attack.**

The constitutionality of the law organizing the State Agricultural Society is not open to attack in a private action for damages.

**Waiver.**

Plaintiff, having consented to submit certain matters on affidavits that should properly have been raised by answer, will be deemed to have waived the method of procedure.

Action in the district court for Hennepin county against defendants, C. N. Cosgrove and others "acting for and as the State Agricultural Society, a private corporation," and Franklin H. Griggs and Ole Renvall, to recover $5,000 for false imprisonment. From an order, Simpson, J., setting aside the service of summons on defendants Cosgrove and associates, plaintiff appealed. Affirmed.

*F. C. Heffron,* for appellant.

*Douglas & Griggs,* for respondents.

JAGGARD, J.

The plaintiff, in his complaint, alleges false imprisonment while a visitor at the State Fair. He charges that all the persons named as defendants, except Griggs and Renvall, were respectively officers and members of the board of managers of the State Agricultural Society, a private corporation. All the defendants except said Griggs and

[1] Reported in 104 N. W. 534.

95 M.—23

Renvall appeared specially, and moved to vacate and set aside the pretended service of the summons and the complaint upon them, and to dismiss the action, upon the ground that the said defendants were representative and executive officers, and therefore, in law, a part of the state of Minnesota, and claimed the exemption of the state of Minnesota from liability for tort. The court granted an order to show cause why the pretended service of the summons and complaint should not be set aside, as to the moving parties, and, upon hearing, granted the motion to set aside the pretended service and dismissed the action as to the moving defendants. The plaintiff appealed to this court from that order.

1. The State Agricultural Society was originally a private corporation. Laws 1883, p. 198, c. 142; G. S. 1894, §§ 2952–2974; Laws 1876, p. 46, c. 29; Lane v. Minnesota State Agric. Soc., 62 Minn. 175, 64 N. W. 382. Every act having reference to the Minnesota State Agricultural Society was expressly repealed by section 27, c. 126, p. 178, Laws 1903. In Berman v. Minnesota State Agricultural Society, 93 Minn. 125, 100 N. W. 732, upon a complaint substantially identical with that here presented, in an action brought by a man with the same name as that of plaintiff here, this court held that the State Agricultural Society became a department of the state, and immune from suits of this character; that the question of the legality of the transfer of the original society, and its acceptance by the state, is not open to attack in a private action, but can be inquired into only by the original society or the state on a quo warranto; and that the act is not subject to the objection that it is special or class legislation. Accordingly the validity of the transfer by the original society and its acceptance by the state is established.

2. For the first time the point is made that the true subject-matter of chapter 126, p. 170, Laws 1903, is not expressed or even hinted at in its title, and that the title embraces more than one subject. That title reads:

> An act to reorganize and regulate the affairs and management of the State Agricultural Society and the State Fair, socalled, appropriating money therefor and re-enacting, codifying and amending the laws relating thereto, providing for grounds

upon which the same is held and the conveyance thereof to the state and the governance and control thereof, prohibiting the use or disposition of intoxicating liquors, and providing generally for the protection, safety, health and comfort of the public, at and upon said grounds, and in the vicinity thereof.

An examination of the subsequent provisions of the law in question demonstrates that there is no merit in the plaintiff's contention. The title sets forth specifically the subject-matter of the subsequent provisions of the law. It pertains consistently to one subject. Merchants' Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703, 704. It is no objection to it that, as a legal result, the society enjoys immunity from liability for torts.

3. Plaintiff urges with much force grounds for holding the law organizing the defendants unconstitutional which were not presented to or considered by this court in Berman v. Minnesota State Agricultural Society, supra. These additional objections are determined by the rule there laid down, viz., that the legality of these provisions is not open to attack in a private action for damages.

4. The court is also asked to overrule portions of Berman v. Minnesota State Agricultural Society. No new principle or authority was adduced by the plaintiff to lead the court to now change the principles there announced after careful and deliberate consideration.

5. The final contention of the plaintiff is that the matters raised by the complaint and order to show cause could not be heard and decided by motion. These pertain to (1) the existence or nonexistence of a private corporation; (2) whether certain acts charged in the complaint were committed by private parties or by alleged officers of the state. It is insisted with much force that these were questions of proof and fact, which should not be heard upon motion, but which should have been raised by answer, and then decided. However, in point of fact, the moving defendants interposed affidavits concerning these matters, and the plaintiff filed counter affidavits. The plaintiff, having consented to the method of disposition here appearing, is not in position to maintain this objection.

Order affirmed.