### WILLIAM F. PEET v. CITY OF EAST GRAND FORKS.[1]

#### July 12, 1907.

#### Nos. 15,230—(151).

**Contract—Abandonment—Recovery.**

> Where a contract for the performance of certain work stipulates that the contractor shall be paid in instalments as the work progresses, upon estimates of an engineer agreed upon by the parties, the failure to pay instalments at the time agreed upon justifies the contractor in abandoning the contract, and entitles him to recover the value of the work actually performed thereunder. Newton v. Highland Improvement Co., 62 Minn. 436. 64 N. W. 1146, followed and applied.

**Same—Evidence.**

> Evidence examined, and *held* sufficient to sustain the finding of the court to the effect that the work actually performed in this case was in substantial compliance with the terms of the contract, and that there was no error in refusing to make the special findings requested by defendant.

Action in the district court for Polk county to recover $3,173.13. The facts are stated in the opinion. The case was tried before Watts, J.,

[1] Reported in 112 N. W. 1003.

who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion to amend the findings of fact was denied. From the judgment entered pursuant thereto defendant appealed. Affirmed.

D. T. Collins, H. A. Bronson, and Guy C. H. Corliss, for appellant.

Ambrose Tighe and W. H. Lightner, for respondent.

BROWN, J.

The facts in this case, so far as here material, are as follows: In 1902, one P. H. Thornton entered into a contract with the city of East Grand Forks for grading, macadamizing, and curbing certain of its streets. The contract covered five separate pieces of work and provided that each should be regarded as imposing separate obligations upon Thornton, independent of and without reference to any other part of the work. The trial court construed the writing, and no exception thereto is taken by either party, as constituting five separate contracts. Contract No. 3, as designated in the record, is alone involved in this case. According to the terms of the general contract and the plans and specifications made a part thereof, the character of the work and the kind of material required to be used were particularly specified, and the compensation of the contractor fixed at a definite price per cubic yard for excavation, a definite price per square yard for paving, and a definite price per linear foot for curbing. One Lawson was named as engineer and charged with the general superintendence of the work, and upon his monthly estimates of the work performed the city agreed to pay Thornton. Thornton entered upon the performance of contract No. 3, made extensive excavations, and performed other acts in the execution of the contract, and the engineer issued to him a proper estimate of the amount and value thereof, certifying that $3,173.13 was due him therefor. This estimate was presented to the city council and by that body approved. No warrant, however, was issued for its payment, by reason of the fact that there was no money in the city treasury available for that purpose. Thornton, not receiving his money upon the estimate, abandoned the work and never completed it. He assigned and transferred the estimate to plaintiff, who brought this action to recover thereon.

The defense interposed was that Thornton, having abandoned his contract and refused to complete the same, was not entitled to recover

for the work actually performed; further, that the work so far as it had progressed was not in accordance with the contract or plans and specifications; that the estimate issued by the engineer was not a negotiable instrument; and that the defenses mentioned were available against this plaintiff. The trial court found as a fact that the work up to the point where abandoned was in all respects in substantial compliance with the contract, and, further, that the failure of the city to pay the amount of the estimate at the time provided by the contract justified Thornton in abandoning the work. Subsequent to the trial, and after the court had made and filed its findings of fact and conclusions of law, defendant moved to have the findings amended by incorporating therein facts not covered by those on file, to the effect that Thornton violated the provisions of the contract by failing to make proper excavations for the foundation of the street; that he committed a breach of the contract by not proceeding with his work, notwithstanding the failure of the city to pay the estimate issued to him; that the work actually performed was of a value not exceeding $837; and that the engineer's estimate certifying that $3,173.13 was due him was fraudulently issued. The motion was denied, and judgment entered upon the original findings, and defendant appealed.

The assignments of error calling for special mention involve the questions (1) whether the findings of the trial court that the work, so far as it progressed, was in substantial compliance with the terms of the contract are sustained by the evidence, and (2) whether the recovery is barred by reason of the abandonment of the work by the contractor subsequent to the failure of the city to make payments under the estimate upon which the action is founded.

The first question requires no extended discussion. An examination of the record, which is somewhat long, satisfies us that the evidence is not so clear that the work actually performed was not in compliance with the contract as to justify setting aside the findings on that subject. There is evidence reasonably tending to support the findings, and, within our decisions, they must be sustained. Nor was there any error in the refusal of the court to make further findings of fact. Some of those asked for by defendant's motion were in direct conflict with those theretofore made by the court, which were reasonably supported by the evidence, and others, in view of the questions controlling the result in this court, were not material.

Upon the second question little need be said, other than a reference to the terms of the contract and pertinent provisions of the charter of defendant city. The contract provided, in substance, after designating Lawson as engineer of the work and authorizing him from time to time to make estimates of the amount of work as it progressed, that the estimates made by him should be "due and payable on the 10th day of the month succeeding the month for which the estimate" was allowed, "as provided by said city's charter." The last clause of the contract, referring to payments as provided by the city charter, directs attention to the charter for the purpose of ascertaining how payments under the contract were to be made. We find therein express provisions upon that subject substantially as contained in the contract, but no provision directly providing for methods of raising funds for the immediate payment for improvements of this sort. But that is not important, as the contractor was not concerned with the methods to be adopted by the city for raising funds. He was entitled to be paid, both by the terms of the contract and the city charter, as the work progressed, and on the tenth of each month succeeding the estimate made by the engineer. And it is clear that a failure by the city to make the payments accordingly, whether it had available funds or not, was a breach of the contract on its part, and justified an abandonment of the work by the contractor. At least such is the law in this state.

The question came before us in Newton v. Highland Improvement Co., 62 Minn. 436, 64 N. W. 1146, and the right of the contractor to abandon the work under circumstances like those here presented was affirmed. By the contract involved in that case plaintiff undertook and agreed to "cut, grub, remove, or burn" certain timber upon a designated tract of land for a certain sum per acre, payments to be made as the work progressed upon estimates to be made by defendant. The contract did not expressly provide that estimates should be made at any particular time; but the court held that, in view of the provision for payments during the progress of the work, the law implied an obligation on the part of defendant to make them at reasonable intervals, and that a failure to do so, or to make the stipulated payments, justified the plaintiff in refusing to complete the contract and entitled him to recover the value of his work up to the time of the abandonment. See also Robson v. Bohn, 27 Minn. 333, 7 N. W. 357; San Francisco v. Dunbarton, 119 Cal. 272, 51 Pac. 335; Canal Co. v. Gordon, 6 Wall. 561,

18 L. Ed. 894; Dyer v. Middle Kittitas, 25 Wash. 80, 64 Pac. 1009. The doctrine of the two Minnesota cases cited is the law of this state, and the decisions referred to have never been disturbed.

There is nothing in Beatty v. Howe Lumber Co., 77 Minn. 272, 79 N. W. 1013, in conflict with the Newton case. Indeed, as we read the opinion in that case, the same doctrine is laid down. The court there held in construing a contract similar to that involved in the Newton case and the case at bar, that a failure to pay the instalments when due would not constitute such a breach of the contract as to justify the contractor in refusing to proceed further with the work and to recover the profits he would have earned had he fully performed, yet that it was such a breach as would justify an abandonment of the contract and a recovery for what had actually been earned. In the case at bar no recovery is sought for anticipated profits, but the action is limited to compensation actually earned.

There is a decided conflict among the authorities in other states upon this question; but the doctrine of the cases cited is in full harmony with the general rule that the unexcused failure of one party to a contract to perform the same in some substantial respect justifies an abandonment thereof by the other, and a recovery by him to the extent the contract had been performed. It is held by some of the courts that the remedy in such cases is an action for damages, and not an abandonment of the contract. The authorities upon both sides of the question will be found in 3 Page, Cont. §§ 1489, 1490, and Lake Shore v. Richards, 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33.

That the failure of defendant in this case to make the stipulated payments was a substantial breach of the contract cannot be questioned, and the mere fact that the city had no money in its treasury with which to make the required payments constitutes no valid excuse for its default. The contractor was not bound to proceed with the work in the face of the inability of the city to compensate him as stipulated in the contract, and his abandonment of the work did not forfeit the right to payment for the work actually performed.

Defendant further contends that, conceding the right of Thornton to abandon the contract for the reasons stated, he could recover only the reasonable value of the work actually performed, and that the action should have been for quantum meruit, instead of upon the estimates of the engineer. This contention is undoubtedly sound as a general propo-

sition of law, but is not ground for reversal in this case. The question was not raised on the trial below, and, being a mere matter of practice or procedure, was waived. Moreover, if not waived, and properly raised at this time, the objection is not well taken; for the trial court expressly found that the amount sought to be recovered by plaintiff represented the "price and value" of the work performed, from which the conclusion follows that plaintiff's recovery was in fact limited to the rule defendant seeks to apply.

Judgment affirmed.