WILLIAM F. PEET v. CITY OF EAST GRAND FORKS.[1]

July 12, 1907.

Nos. 15,229—(150).

**Statutes Affecting Vested Rights.**

Statutes affecting vested rights acquired under existing laws, imposing new duties or creating obligations where otherwise none existed, should, if valid at all, be construed strictly, and treated as embracing only such matters as come clearly within the scope and purpose of the legislation.

**Curative Statutes.**

The rule applies to curative statutes.

**Municipal Corporation—Curative Statute.**

One Thornton entered into a contract with the city of East Grand Forks to pave and macadamize certain of its streets. By the terms of the contract one Lawson was appointed engineer and charged with the general superintendence of the work. The contract provided that payments should be made in instalments as the work progressed. Thornton entered upon the performance of the contract, but violated its terms and provisions, in that he used improper and unfit material, to the substantial damage of the city. The engineer issued a false and fraudulent estimate of the amount of work performed, which was approved by the city council without knowledge of its fraudulent character. Thornton assigned the estimate to plaintiff, who brought this action to recover thereon. It is *held* (a) that, Thornton having committed a breach of the contract, the estimate of the engineer having been false and fraudulent, plaintiff is not entitled to recover, and (b) that the estimate as an obligation against the city was not validated by section 9, c. 382, p. 695, Laws 1903.

[1] Reported in 112 N. W. 1005.

**Estoppel.**

> *Held,* further, on the facts stated in the opinion, as disclosed by the findings of the trial court, that the city did not waive the breach of contract, and is not estopped from interposing the defenses above referred to.

Action in the district court for Polk county to recover $11,701.84. The facts are stated in the opinion. The case was tried before Watts, J., who made findings and ordered judgment in favor of plaintiff for $6,361.84, and interest. A motion of defendant to amend the findings of fact was denied. From the judgment of $8,077.32, entered pursuant to such order, both plaintiff and defendant appealed. Reversed.

*Ambrose Tighe* and *W. H. Lightner,* for plaintiff

*D. T. Collins, H. A. Bronson* and *Guy C. H. Corliss,* for defendant.

BROWN, J.

This action involves the same transaction that was under consideration in the preceding case between the same parties (supra, p. 518, 112 N. W. 1003), in which a brief outline of the facts is given. In this action recovery is sought upon the engineer's estimate issued under contract designated "No. 1"; the same covering a piece of work performed under the general contract, independent of that involved in that case. One material difference between the two cases is found in the fact that in the other case the engineer's estimate was made for a partial, while in this case it was made for a full, performance of the contract. As in the other case, the estimate was issued by the engineer and delivered by him to the contractor, who in turn submitted it to the city council, by which body it was approved and confirmed. No warrant was issued for the amount certified to be due, $11,701.84, and the action was brought by plaintiff, to whom the estimate was duly assigned by the contractor, to recover thereon.

The defense interposed by the city was that the contractor had failed substantially to perform his contract in the respects pointed out in the answer, and that the estimate was fraudulently issued by the engineer with the full knowledge and connivance of the contractor.

The trial court found both defenses true, and further found that the damage suffered by the city by the failure of the contractor to perform the contract in accordance with its terms amounted in value to the sum of $4,865. This amount the court deducted from the total amount due the contractor according to the engineer's estimate, and ordered

judgment in plaintiff's favor for the balance, $6,361.84. Judgment was entered accordingly, and defendant appealed.

Upon what theory of the law the learned trial court proceeded in ordering judgment for plaintiff for the contract price of the work less the damage suffered by the city from the failure of the contractor to comply with his contract is not made clear by the record. The finding of a breach of contract, based upon a charge that the contractor improperly did the work and used materials not called for by the plans and specifications, and the finding that the engineer's estimate was fraudulently issued, are unchallenged, are supported by evidence, and, in our view of the principles of law applicable to the questions presented, conclusive against any recovery at all by plaintiff, unless, perhaps, one or all of the contentions made by him, to be referred to presently, are sustained. It is elementary that, where one of the parties to an entire contract fails to perform the same in accordance with its terms and provisions, he is not entitled to compensation for a partial performance; there being no waiver of his breach by the other party. A failure to perform in a substantial respect is affirmatively found as a fact in this case. There was no waiver thereof by defendant. At least, none is found by the court, and the general rule referred to must apply. The failure of the city to pay the estimate in accordance with the contract and the city charter applied to this, as well as the other case, and it is probable the trial court adopted the view, urged in that case, that the failure of the city in this respect justified the contractor in abandoning further work under the contract and entitled him to recover upon quantum meruit as for partial performance. Reference is made to this subject in the opinion in the other case, but the rule referred to can have no application here. It appeared in the other case that the work actually performed was in substantial compliance with the terms of the contract, so far as it progressed, while in this case the contract was not complied with, but was substantially violated. In the former situation the contractor is, under the authorities, entitled to the value of the work actually performed; while here the contractor committed the breach, and brought himself within the general rule which precludes his recovery for the work actually performed. Plaintiff is in no better position than the contractor would have been, had he brought the action; and it is beyond question that he could not recover. The court was therefore in error, from the

standpoint of its findings, in directing judgment for plaintiff for the difference between the contract price of the work and the damages suffered by the city.

But it is contended by plaintiff (1) that defendant is estopped from denying its liability; and (2) that the estimate upon which the action was founded, conceding it to have been invalid by reason of the facts found by the trial court, was validated by section 9, c. 382, p. 695, Laws 1903; and (3) that the city waived the breach of contract by consenting to the use of material different in kind from that called for by the contract.

The first contention referred to, that defendant is estopped from denying its liability, is based upon the fact, appearing from the record, that the engineer's estimate was formally approved and confirmed by the city council, coupled with the contention that plaintiff became the purchaser of the estimate in the usual course of business for a valuable consideration and in reliance upon the approval of the city council, which was attached thereto. The court below made no findings upon this question, either one way or the other, and the evidence is not conclusive in plaintiff's favor that defendant is estopped from denying its liability. The only theory upon which the doctrine could be invoked is that by the conduct of the city council in formally approving and confirming the action of the engineer the estimate was held out to the commercial world as a valid obligation of the city, upon which plaintiff had the right to rely in purchasing the same, and that it should not now be permitted to change its position to the plaintiff's prejudice. The evidence does not show that the approval of the estimate was relied upon by plaintiff when he purchased it from the contractor, or that he knew of its existence. There is nothing, therefore, to show that plaintiff was in any way misled by the action of the city council, if it be conceded that he was a purchaser of the estimate for a valuable consideration—a question which, in view of the fact that there must be another trial of the action, we do not consider.

The second contention, namely, that the invalidity of the estimate as an evidence of indebtedness against the city was cured, and all defenses interposed by the city in this action extinguished and rendered unavailable, by section 9, c. 382, p. 695, Laws 1903, cannot be sustained. That statute was before us in Merchants' Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703, a case involving this same im-

provement contract, where its application to city warrants issued in payment for work performed under the contract was under consideration. We there held, speaking through Mr. Justice Jaggard, that all defects and irregularities antecedent to the issuance of the city warrants were cured by the statute. But the decision is not an authority here. The statute can have no application to the facts of this case. The trial court expressly found, after stating the kind and character of material called for by the contract, that a different and inferior kind was in fact used by the contractor, and that it not only did not correspond to that specified by the contract, but was unfit for the purposes of the improvement, in consequence of which the city was damaged in the sum of $4,865; and, further, that the contractor had not performed, at the time the estimate was issued, the amount of work certified by the engineer, and that the estimate was false and fraudulent, and known to the contractor at the time it was issued to be false and fraudulent; and also that the city council had no knowledge of its fraudulent character at the time of its approval. The question presented is whether the legislature intended by the statute relied upon to infuse life and validity into an invalid obligation of this kind and to compel the city to pay the same.

The authorities involving statutes of this character, and the extent to which the legislature may go in validating nonenforceable claims and imposing liability therefor upon municipal corporations, are in irreconcilable conflict. In one line of cases, legislation validating nonenforceable claims and requiring municipalities to pay them, where the claims arise solely from the proprietary or business transactions of the municipalities, is declared wholly invalid when extended beyond curing irregularities and defects in proceedings leading up to and in the execution of contracts out of which the claims spring. The rule by which such legislation is sustained as to natural persons or private corporations is applied to municipal corporations. As between the former, the legislature can cure or remedy only such errors or omissions as it might previously have dispensed with. Vested rights can never be violated or destroyed by such legislation. 2 Sutherland, St. Const. 676. The other line of authorities proceeds on the theory that the legislature has supreme control over municipal corporations of its creation, and may impose upon them such obligations and duties as it may deem expedient, without regard to

whether the obligation is enforceable in law or not. Authorities upon both sides of the question will be found collected in the valuable note to State v. Williams, 68 Conn. 131, 35 Atl. 24, 421, 48 L. R. A. 465. We are not called upon in this case to consider the merits of these two conflicting views of the law. The question is not necessarily involved. It was not presented in Merchants' Nat. Bank v. City of East Grand Forks, supra. The defenses interposed by the city in that case, the action being to recover upon city warrants, aside from irregularities leading up to the resolution of the city council awarding the contract and defects in its execution, were held precluded by the engineer's estimate; that by the terms of the contract he was made sole arbiter respecting the amount of work performed, and his determination thereof was conclusive. We did not intend, by what was said in the opinion in that case, to extend to the legislature carte blanche authority upon this subject. Whether so vital and important a distinction should be made, in construing such legislation, between natural persons or private corporations and municipal corporations, as indicated by the cases here referred to, is still an open question in this state.

The contention of plaintiff in this case that the estimate in question was validated by this statute is determined by its construction. We are of opinion that it was not intended by the legislature to cover a case of this kind. The statute provides:

> Whenever any village or city within the purview of this act has heretofore made or caused to be made any such improvement or has issued evidences of indebtedness to defray the cost of any such improvement in whole or in part, all undertakings and agreements and all proceedings of whatever nature had or made by it with reference to such improvement, and any such evidence of indebtedness are hereby validated and legalized; and such village or city is hereby empowered to complete the same, to pay any such evidences of indebtedness already issued, and to provide funds for the completion of any such improvement by proceeding as in this act provided.

At the time of the passage of the statute defendant was under no legal obligation, within the findings of the court, to the contractor, or to plaintiff, his assignee, to pay any part of the amount certified to be due by the estimate. The violation of the contract by the contractor,

and the fact that the estimate was fraudulently issued, constituted a complete defense against any claim based thereon. The defense was a vested right, and existed at the time of the passage of the statute; and, if it be conceded that the legislature had the power to take it away and compel the city to pay the claim, an intention to that effect ought to appear in plain and unambiguous language. Statutes affecting vested rights acquired under existing laws, creating obligations where otherwise none existed, or imposing new duties, should, if valid at all, be construed strictly and treated as embracing only such matters as come clearly within the scope and purpose of the legislation. 2 Sutherland, St. Const. 247–280; Davidson v. Gaston, 16 Minn. 202 (230); Hunt v. Burns, 90 Minn. 172, 95 N. W. 1110; City v. Putnam, 45 Mich. 263, 7 N. W. 815; Franklin v. McRaven, 67 Ark. 562, 55 S. W. 930.

The rule applies to curative statutes. The purpose of the statute under consideration was, like all similar legislation, to cure irregularities, errors, and defects in the proceedings to which it has reference, to validate the same, and to authorize the municipalities there referred to to carry forward and complete all contracts theretofore entered into for the improvement mentioned therein. Its language does not carry it beyond this purpose, and it should not be extended by construction to deprive the city of a valid, existing, meritorious defense arising from a breach of contract or the fraudulent issuance of evidences of indebtedness against it. It contains no reference to conditions such as are here shown to exist, and we are not permitted to assume that it was the intention of the act to cover a case of this kind. Fairly construed, the statute does not, and was not intended to, have the far-reaching effect contended for. The generally accepted rule is that the legislature cannot validate what it could not previously have authorized. 2 Sutherland, St. Const. 676. And that it could not have authorized a breach of the contract in question by Thornton, or have authorized the engineer to issue a false and fraudulent estimate of work performed, is manifest. Yet to hold that the statute applies to this case we must in effect hold that the legislature could do just that sort of thing. We are satisfied that the legislature did not intend to go so far.

The breach of contract, which the trial court found to have been substantial, consisted in the use of improper material in laying the founda-

101 M.—34

tion for the improved street and in insufficient excavations. It was urged on the argument in this court that the city waived all objection in these particulars and cannot now be heard to insist that there was a breach of the contract. This is based upon the claim that the city authorities well knew of the material being used and acquiesced therein. The question is not covered by the findings. The evidence is not conclusive of the waiver, and we cannot, therefore, affirm the case upon this ground. The question must be litigated in the court below in the usual way, and findings had upon it; for we are guided solely by the facts as found by the trial court.

It follows that on the findings of the trial court judgment should have been ordered for defendant. The judgment appealed from is therefore reversed, and the cause remanded for a new trial.

JAGGARD, J., dissents.