### M. E. THORNTON v. CITY OF EAST GRAND FORKS.[1]

December 18, 1908.

Nos. 15,845—(125).

**Limitation of Action—Estimates of Work.**

Action to recover for work and materials done and furnished by the plaintiff's assignor for the defendant, in the execution of a paving con-tract, as evidenced by estimates allowed and issued by the defendant's engineer and common council. *Held*, that the plaintiff's alleged cause of action accrued on the tenth day of the month next after the estimates were allowed and issued, that the time limit of the statute of limita-tions applicable to this case is two years, as provided by Laws 1895, c. 8, § 347, and, further, that it conclusively appears upon the face of the complaint that this action is barred.

[1] Reported in 118 N. W. 834.

Action in the district court for Polk county to recover $4,821.91 upon a paving contract as evidenced by certain estimates for work allowed and issued. The facts are stated in the opinion. From an order, Watts, J., sustaining a demurrer of the defendant to the complaint, plaintiff appealed. Affirmed.

*D. W. Lawler* and *D. F. Lyons,* for appellant.

*D. T. Collins,* for respondent.

START, C. J.

Appeal from the order of the district court of the county of Polk, which sustained the defendant's general demurrer to the complaint on the ground that it appeared upon its face that the alleged cause of action was barred by the statute of limitations. The action was commenced March 30, 1908. The allegations of the complaint relevant to the question whether the action is barred are to the effect following:

The defendant is a municipal corporation, organized under and by virtue of Laws 1895, p. 16, c. 8. On August 13, 1902, the defendant and Patrick H. Thornton duly entered into a contract whereby he undertook to grade, curb, and pave certain streets in the defendant city. The contract divided the work into five separate and independent sections, fixed the price for the execution of each, and declared that the obligations assumed by the parties, respectively, as to each section, should be deemed to be a separate and independent contract. The contract also provided that the defendant's engineer, as the work progressed, should allow the contractor on the first day of each month an estimate of the amount earned by him, which should be due on the tenth day of the month succeeding the one for which the estimate should be allowed, as provided by defendant's charter. At the time of the awarding of the contract the defendant's city council appropriated from the proper fund to the credit of the contract a sufficient amount to defray the cost of such work, and did at the time of the passage of the resolution for the doing of the work determine that four-fifths of the cost of the work should be defrayed by assessments upon the property benefited thereby, and that one-fifth should be paid from the permanent improvement fund of defendant, as made up from sources' other than the moneys collected from assessments or property benefited by the improvements. On November 8, 1902, an estimate on account

of work done and materials furnished by Thornton pursuant to the contract was allowed and issued by the engineer to him in the sum of $3,661.86. On the same day another estimate on account of other work and materials done and furnished by Thornton pursuant to such contract was allowed and issued to him by the engineer in the sum of $1,160.05. The reasonable value of the work and materials done and furnished by Thornton represented by each of the estimates exceeded the amount for which each was allowed and issued, and each of the estimates was allowed and confirmed by a resolution of the common council of the defendant, and a certified copy thereof indorsed on each estimate simultaneously with its delivery to Thornton. Each estimate became due and payable December 10, 1902, and payment thereof duly demanded, and no part thereof paid. Each, with the money due thereon, was duly assigned to the plaintiff. No warrant or order of the defendant was ever issued for either of the estimates. Defendant has never caused any assessment of benefits to be levied against the property benefited by the improvement covered by the contract to defray the cost thereof, nor has it instituted any proceedings to that end, nor levied any tax whatever to defray the cost thereof, nor set aside or appropriated out of its other revenues any moneys whatsoever for such purpose, and, although frequently requested so to do, has always failed and refused.

Certain questions growing out of Thornton's contract were determined by this court in the cases of Merchants Nat. Bank of St. Paul v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703, Peet v. City of East Grand Forks, 101 Minn. 518, 112 N. W. 1003, and Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005. No question was raised in any of these cases as to the statute of limitations, and the allegations of the complaint in the case at bar, with reference to the subject-matter of the cases cited and the result of the litigation, have no relevancy to the question of whether the complaint in this case shows that the alleged cause of action was barred, whatever may be the relevancy as to the original liability of the defendant.

The first question to be considered is: When did the alleged cause of action accrue? The complaint alleges that the estimates, which are the subject-matter of this action, became due and payable on December 10, 1902, and they were then due by the terms of the contract.

The plaintiff, notwithstanding such allegations, urges that the estimates were payable out of a particular fund, which has never been provided; hence the action is not barred. The authorities cited by the plaintiff sustain the general proposition that the statute of limitations does not commence to run against warrants issued by a municipal corporation, payable out of a special fund to be created, until such fund has in fact been created and there is money therein to pay the warrants. No warrants were issued in this case, but the estimates were evidence that the contractor had performed certain work and furnished certain materials, and was entitled to receive from the defendant therefor the amount therein specified. This is an action to recover for such work and materials, as represented by the estimates, and they were not by their terms payable out of any particular fund. Neither the rule stated nor the authorities cited in support of it are here applicable. There-. fore the plaintiff's cause of action accrued on December 10, 1902; that is, on the tenth day of the month succeeding the month for which the estimates were allowed, as provided by the contract and the defendant's charter. This was, in effect, so decided in the case of Peet v. City of East Grand Forks, 101 Minn. 518, 521, 112 N. W. 1003, in which this court construed the provision of the contract and charter here in question, and in so doing said:

"The last clause of the contract, referring to payments as provided by the city charter, directs attention to the charter for the purpose of ascertaining how payments under the contract were to be made. We find therein express provisions upon that subject substantially as contained in the contract, but no provision directly providing for methods of raising funds for the immediate payment for improvements of this sort. But that is not important, as the contractor was not concerned with the methods to be adopted by the city for raising funds. He was entitled to be paid, both by the terms of the contract and the city charter, as the work progressed, and on the tenth of each month succeeding the estimate made by the engineer."

The next question relates to the term of the statute of limitations applicable to this case. The plaintiff claims that the term is six years, as in actions upon ordinary contracts. The defendant claims that the term is two years, as provided by section 347, c. 8, p. 128, Laws 1895. The here material provisions of the section are as follows:

"No action shall be maintained against any city on account of any injuries * * * to persons or property by means of any defect in the condition of any bridge, street, sidewalk or thoroughfare, unless. such action shall be commenced within one (1) year from the receiving of the personal injuries or the happening of the injury. * * * All actions arising ex delicto, including the action provided for by section two of chapter seventy-seven of the general statutes of eighteen hundred and seventy-eight, and including those hereinbefore stated in this section, shall be commenced within one (1) year after the cause of action accrues and not thereafter, and all actions arising ex contractu shall be commenced within two (2) years after the cause of action accrues."

The plaintiff urges that the statute "does not say whether the limitation, [as to actions ex contractu,] shall apply to actions brought by the city or to actions brought against the city." It is too obvious to justify any argument, from a mere reading of the section as a whole, that the limitation relates to actions against the city.

It is further urged that the limitation as to actions ex contractu does not contain the clause "and not thereafter," which is found in the limitations as to actions ex delicto. The mandate of the statute is that "all actions arising ex contractu shall be commenced within two (2) years after the cause of action accrues," and, if the words "and not afterwards" had been added thereto, they would not have added anything to the limitation.

It is further claimed that the plaintiff's cause of action did not accrue until the enactment of the curative statute validating evidences of indebtedness (Laws 1903, p. 695, c. 382, § 9), and that the plaintiff's action is one created by statute; hence the limitation applicable to it is six years, as provided by R. L. 1905, § 4076, subd. 2. The liability or statutory action mentioned in this section has reference to liabilities which have their inception in the statute, and not to the act of the parties. It has no application to curative statutes legalizing municipal obligations which the municipality had attempted to create, but did not by reason of informalities not affecting substantial rights. Such is the character of the curative act here relied upon. Merchants Nat. Bank of St. Paul v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703. The curative statute relied upon did and could not

create any original liability or cause of action against the defendant. Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005.

It follows that the statute of limitations began to run against the plaintiff's alleged cause of action December 10, 1905, and that the limitation was two years. Even if it should be conceded, for the purposes of the argument only, that defects in the proceedings on the part of the defendant relating to the contract suspended the running of the statute until the curative act was passed, still the action is barred, for that act was approved April 21, 1903. The possibility of the existence of any other facts which would suspend the running of the statute cannot be reasonably inferred from the allegations of the complaint, for a municipality can be neither a minor, nor a nonresident, nor insane. We therefore hold that it conclusively appears upon the face of the complaint that the plaintiff's alleged cause of action is barred by the statute of limitations.

Order affirmed.