## WILLIAM F. PEET v. CITY OF EAST GRAND FORKS.[1]

July 16, 1909.

. Nos. 16,182—(187).

**Questions for Jury.**

In an action to recover on an estimate of work done by a contractor under a contract to lay certain pavement, it is *held* that whether the contractor was justified in stopping work and whether the work actually performed was done substantially as required by the contract were for the jury to determine. Upon both issues the evidence sustains the verdict.

Action in the district court for Polk county by the assignee of a contract to recover $11,701.84 alleged to be due under the contract to pave the streets of the city of East Grand Forks. After the case was remanded by this court (101 Minn. 523) it was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $11,432.93. From the judgment entered pursuant to the verdict, and from an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*G. C. H. Corliss* and *D. T. Collins,* for appellant

*Ambrose Tighe* and *M. D. Munn,* for respondent

ELLIOTT, J.

This case presents another phase of the litigation which has resulted from the attempt of the city of East Grand Forks to grade its public

[1]Reported in 122 N. W. 327. .

streets. Merchants' Nat. Bank of St. Paul v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703; Peet v. City of East Grand Forks, 101 Minn. 518, 112 N. W. 1003; Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005; Thornton v. City of East Grand Forks, 106 Minn. 233, 118 N. W. 834.

In 1902 P. H. Thornton entered into a contract with the city of East Grand Forks to grade, macadamize, and curb its streets. The contract covered five pieces of work, and provided that each piece should impose a separate obligation on Thornton, independent of and without reference to any other part of the work. This writing constituted five separate contracts. According to the terms of the general contract and the plans and specifications, the character of the work and the kind of material required to be used were particularly specified, and the contractor's compensation fixed at a definite price per cubic yard for excavation, a definite price per square yard for paving, and a definite price per lineal foot for curbing. A party by the name of Lawson was named as engineer and charged with the general supervision of the work, and upon his monthly estimate of the work performed the city agreed to pay Thornton. Thornton entered upon the performance of contract No. 3, made extensive excavations, and performed other acts in execution of the contract, and the engineer issued to him an estimate of the amount and value thereof. This estimate was presented to the city council, and by that body approved; but no warrant was issued for its payment, because there was no money in the city treasury available for that purpose. Thornton then abandoned the work and assigned and transferred the estimate to William F. Peet, who is the respondent in the present action.

In an action by Peet against the city the defense was interposed that Thornton, having abandoned his contract and refused to complete the same, was not entitled to recover for the work performed, and, further, that the work so far as it had progressed was not in accordance with the contract, or plans and specifications. The trial court found as a fact that the work to where abandoned was in all respects in substantial compliance with the contract, and that the failure of the city to pay the amount of the estimate at the time provided by the contract justified Thornton in abandoning the work.

The defendant moved to have the findings amended by incorporating therein, among other matters, findings to the effect that Thornton violated the provisions of the contract by failing to make proper excavations for the foundation of the street, and that the engineer's estimate was fraudulently issued. The motion was denied, and upon appeal to this court it was held that, as there was evidence to sustain the finding of the trial court to the effect that the work actually performed was in substantial compliance with the terms of the contract, there was no error in refusing to make the additional findings, and that the failure of the city to pay the instalments at the time agreed upon justified the contractor in abandoning the contract and entitled him to recover the value of the work actually performed thereunder. Peet v. City of East Grand Forks, 101 Minn. 518, 112 N. W. 1003, following Newton v. Highland Imp. Co., 62 Minn. 436, 64 N. W. 1146.

The present action was commenced by Peet to recover upon the engineer's estimate issued under contract No. 1 which covered a piece of work to be performed under the general contract above referred to. The amount certified by the engineer to be due was $11,-701.84, and the action was brought by the assignee of the contractor to recover this amount. The city interposed the defense that the contractor had failed to substantially perform his contract in the respect pointed out in the answer, and that the estimate was fraudulently issued by the engineer with full knowledge and connivance of the contractor. The case was tried without a jury, and the court found both defenses true, but ordered judgment in favor of the plaintiff for the difference between the amount certified and the damage found to have been occasioned to the city by the failure of the contractor to substantially perform his contract. On appeal to this court the judgment was reversed. Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005. The case was then retried, and the questions whether Thornton was justified in abandoning the work, and whether the work actually done was substantially done as required by the contract, were submitted to the jury, which found in favor of the plaintiff on both issues, and rendered a verdict against the city for $11,432.93. The present appeal is from an order deny-

ing defendant's motion for judgment notwithstanding the verdict or for a new trial.

As originally drawn the complaint stated a cause of action upon the contract. After the case was remanded, the court, upon the application of the plaintiff and over the objection of the defendant, allowed the complaint to be amended so as to, it is claimed, allege the right to recover upon a quantum meruit, and to allege a waiver by the city of strict performance, and also facts justifying the application of the doctrine of equitable estoppel. As we read the original and amended complaints, there is little, if any, substantial difference between them; but, however that may be, the error, if any, in allowing the amendment, is not assigned as error, and cannot be considered.

The claim that the city is estopped, or waived its right, to assert that the contract was not strictly performed requires no consideration, because it was taken from the jury. As stated by the appellant in its brief, the court instructed that "there was no question of waiver or estoppel in the case."

The issues presented were thus clearly defined, and were submitted to the jury under instructions which correctly stated the law. The jury were told that the city claimed that Thornton had abandoned the work without cause, and that in so far as the work was done it was not done in substantial performance of the contract. Whether the contract was abandoned without cause was left for the jury to determine, with the instructions that "failure by defendant city to make payment according to the terms of the contract and the city charter, whether it had had available funds or not, was a breach of the contract on its part, and justified an abandonment of the work by the contractor."

The question whether the work so far as performed was substantially as required by the contract was also properly submitted. The evidence is quite conclusive, and need not be reviewed. We have read it all carefully, and think that it fully justifies the finding of the jury. The court instructs that: "Substantial performance of a contract is had when a contractor gives the other party to the contract in substance what he bargained for. The rule as to the substantial performance of a contract, where of necessity the owner of

the thing must retain the benefits of the contract so far as it has been performed, is well settled in this state. * * * Where a contractor has in good faith made substantial performance of the terms of the contract, but there are some slight omissions or defects, which are readily remedied, so that an allowance therefor out of the contract price will give the other party in substance what he bargained for, the contractor may recover the contract price, less the damages on account of the omissions. But this rule of substantial compliance does not apply when the omissions or deviations from the terms of the contract and its performance are so substantial that an allowance out of the contract price would not give the owner substantially what he contracted for. * * * In determining whether the contract was substantially performed, the question is not whether the work as done was as good or better than it would have been if done according to the contract, for the defendant had a right in law to insist upon having the contract carried out in substance according to the contract and the specifications, and was not obliged to accept the judgment of the contractor as to whether another mode of carrying out the contract would produce as good or better results. * * * Even if Thornton had made a far better job of paving than the contract called for, * * * still he could not recover for that, because that would not be a substantial compliance with the contract." This seems to cover the law as contended for by the appellant, and if the question of substantial performance was for the jury it was submitted under instructions which are substantially correct.

But the appellant contends with much earnestness that the estimate of the engineer was fraudulent and did not represent the honest judgment of that official, and that the doctrine of substantial performance is not therefore available to the plaintiff. That would be true if it was shown that Thornton was a party to the fraud, and that the fraud affected the work actually done. Fraud in inducing the making of the contract would not necessarily prevent the contractor from collecting for work actually done in good faith under the contract and in substantial performance of the contract according to its terms; but, if there is a wilful or fraudulent failure to strictly perform the contract as actually made, the contractor cannot claim the benefits of the equitable doctrine of sub[stantial] per-

formance. Hence, if the estimate was fraudulent, and Thornton was not aware of the fact, he should recover if he substantially performed the work according to the contract. The court, therefore, correctly instructed the jury that: "It makes no difference if the estimate was fraudulently issued and was not the honest judgment of the engineer, if the contract was substantially complied with in putting down this pavement, and Mr. Thornton was justified in abandoning the contract." And the fact that the estimate was false could be considered only as bearing upon the amount of paving actually laid.

The judgment is affirmed.