### J. E. Parker et al. v. Citizens Railway Company et al.

Decided May 9, 1906.

#### 1.—Estoppel—Lien.

Directors of a corporation who made sale of its property covenanting to remove all liens therefrom, were estopped from asserting title thereto against the purchasers, through a sale afterwards made under a previously executed mortgage, assented to by the stockholders, securing a pledge of the bonds of the company for their own claims against it.

#### 2.—Same—Conditions Subsequent.

Breach by the purchasers of a street railway line of their contract to continue its operation, being a condition subsequent, did not avoid the effect of an estoppel on the vendors from enforcing liens against which they had warranted.

#### 3.—Same—Appeal and Error.

Where the facts establishing an estoppel of appellants were clearly established and undisputed, the judgment against them may be sustained on that ground, though no issue as to estoppel was submitted to the jury.

Error from the District Court of McLennan County. Tried below before Hon. Sam. R. Scott.

*W. B. Carrington* and *Eugene Williams,* for plaintiffs in error.—Consent of stockholders validated the lien for benefit of directors: Scott v. Farmers & M. Nat. Bank, 97 Texas, 31; College P. Belt Line v. Ide, 15 Texas Civ. App., 279; Tenison v. Patton, 95 Texas, 284; Twin-Lick Oil Co. v. Marbury, 91 U. S., 587; 3 Thompson on Corps., sec. 4068.

Title thereunder will be superior to the rights of subsequent purchasers and creditors. Willis v. Smith, 65 Texas, 658; De Garcia v. Galvan, 55 Texas, 57; Cheney v. Dunlap, 5 Law Rep. Ann., 467; West v. Miller, 25 N. E. Rep., 143; Blake v. Koons, 32 N. W. Rep., 380; Johnson v. Jouchert, 8 Law Rep. Ann., 797.

The court in submitting the issues to the jury did not submit the issue of estoppel. Defendants in error presented special issues of their own which were submitted to the jury, in none of which is there a request on the part of the defendants in error that the issue of estoppel be submitted to the jury. Linney v. Wood, 66 Texas, 28; Page v. Arnim, 29 Texas, 70.

*Clark & Bollinger,* for defendants in error.—By the terms of the sale the plaintiffs in error were estopped to assert or set up any rights accruing under any pretended lien upon the property of the Dummy Company. 4 Thomp. Corp., sec. 5269; 10 Cyc., pp. 1066, 1083, 1085; 2 Morawitz on Corp., secs. 630-31.

. KEY, Associate Justice.—This is the second time this case has been up on appeal. A full statement of the case will be found in Scott v. Bank, reported in 66 S. W. Rep., 485; 75 S. W. Rep., 7, and 97 Texas, 31. At the last trial the case was submitted to a jury upon special issues, and judgment rendered for the defendants as against all of the plaintiffs. The plaintiffs, known and designated as Parker and associates, have brought the case to this court, and ask to have the judgment reversed and rendered for them.

The only essential difference in the case now from what it was on the former appeal is the fact that the action of the directors of the Dummy Railway Company, in passing a resolution instructing the secretary to hold the $50,000 in bonds issued April 15, 1891, for the benefit of and to secure the members of the company who had advanced money or become sureties for it, was concurred in at the time or afterwards ratified by all the stockholders of the company. On account of this difference the plaintiffs in error make the contention that the sale under the deed of trust made to secure the bonds referred to, at which sale the plaintiffs became purchasers, vested title in them. The sale referred to was subsequent to the inception of the title under which the defendants hold.

On March 8, 1892, the plaintiffs in error, joined by four other stockholders of the dummy company, submitted a written proposition offering to sell the property to W. J. Hobson "free from any encumbrance whatever." That proposition was accepted by Hobson, who was acting for the Waco Electric Railway & Light Company. On April 4, 1892, at a meeting of the stockholders and directors of the Dummy Company, the contract referred to was approved; and on the same day a warranty deed was executed by the Dummy Company conveying the property to the Electric Railway & Light Company, with covenants of general warranty, and expressly covenanting to remove all liens from the property. This sale was made to provide means with which to pay the debts of the Dummy Company, and the consideration was applied to the payment in part of the debt for which the plaintiffs in error were sureties. The defendant in error, the Citizens Railway Company, holds under the Waco Electric Railway & Light Company.

On these facts we hold that the plaintiffs in error are estopped from assailing defendant's title. (4 Thomp. Corp., sec. 5269; 2 Mor. Corp., secs. 630, 631.) The written proposition submitted by Parker and associates as stockholders of the Dummy Company, and accepted by

Hobson for the Electric Railway & Light Company, embodied the proposition to sell the property *free from any encumbrance whatever*, title to be made within sixty days from date of acceptance. As the title asserted by Parker and associates had its origin in an alleged lien antedating the proposition referred to, we hold that they are estopped. The estoppel is not avoided by the fact that Hobson and the Electric Railway & Light Company failed to operate the street car line, as stipulated in the contract and in the deed from the Dummy Company. That stipulation was a condition subsequent, and its breach did not, as between them and their vendees and Parker and associates, affect the title to the property. In fact, the Supreme Court held on the former appeal, that the transaction involved no promise, either express or implied, to Parker and associates; and in effect held that they could not even recover damages for a breach of the obligation to operate the car line.

The question of estoppel was not submitted to the jury, but there being testimony to support the estoppel, it will be presumed, in the absence of anything in the record to the contrary, that the court rested its judgment upon a finding by it of estoppel. Furthermore, the facts upon which the estoppel rests are established by clear and undisputed testimony, and it was unnecessary to submit that issue to the jury.

No error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.