## WOODRUFF v. TAUB.

(Court of Civil Appeals of Texas. El Paso. Jan. 9, 1913. Rehearing Denied Jan. 29, 1913.)

1. TRIAL (§ 352*)—SUBMISSION OF ISSUES— BUILDING CONTRACT—ACTION FOR BALANCE DUE.

In a building contractor's action for a balance due on a contract which he failed to complete because, as he alleged, wrongfully ordered by the architect to do over certain work, the submission of an issue whether plaintiff negligently delayed the work "prior to or about" May 16th, instead of plaintiff's requested special issue whether he so delayed the work "on or about" May 16th, was not error, though there were delays prior to the middle of March which the jury could not properly consider, where the pleadings raised the issue of defendant's right to terminate the contract on the architect's certificate of delay of which there was evidence, as the jury would not be likely to consider delays not mentioned in such certificate.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. § 352.*]

2. TRIAL (§ 141*)—SUBMISSION OF ISSUES— UNDISPUTED EVIDENCE.

Where, in a building contractor's action for a balance due, testimony that the architect gave the defendant a certificate of failure by plaintiff to prosecute the work with promptness was not disputed by any one able to do so, and defendant pleaded that it was given, the court properly refused to submit to the

jury a question whether the certificate was made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

Error to District Court, Harris County; Wm. Masterson, Judge.

Action by W. E. Woodruff against J. N. Taub. From judgment for plaintiff, he brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellant. L. B. Moody, of Houston, for appellee.

HARPER, J. The plaintiff, W. E. Woodruff, plaintiff in error here, sued the defendant, J. N. Taub, on a contract for the construction of a residence. He alleged that he had practically completed the work, when the architect of the building unjustly and wrongfully ordered him to do over work which had been done according to the contract and had been accepted by the architect, and he refused to do it and left the work; that the contract price was $12,150; that the owner was entitled to credits at that time amounting to $9,255.40 and no more; and that it would have cost $75 to complete the contract. He prayed for the difference. This is the second appeal of this case, and we refer to the case of Taub v. Woodruff, 134 S. W. 750, for a more definite statement of the contention of the parties. Upon the last trial the case was submitted upon special issues, and upon the findings of the jury on issues submitted the court rendered judgment for the sum of $1,577.77 in favor of plaintiff, and from this judgment he appealed.

[1] First assignment of error: "The court erred in refusing to submit special issue No. 2, requested by the plaintiff." The court submitted the issue in the general charge as follows: "Did plaintiff prior to or about the 16th day of May, 1906, fail or neglect to supply a sufficiency of workmen or material, or did he fail in any other respect to prosecute the work on said house with promptness and diligence?" The special charge requested and refused was as follows: "Did the plaintiff on or about May 16, 1906, neglect to supply a sufficiency of workmen, or fail in any respect to prosecute the work with promptness and diligence?" The appellant charges error in refusing this special charge "because there were numerous delays between the date of the contract and the middle of March, 1906, which it was not proper for the jury to consider, but only the delay of May 16th that should have been submitted and considered by the jury." The allegations in the pleadings upon the point are as follows: "Defendant further shows to the court that the plaintiff neglected to supply a sufficiency of workmen, and failed in all respects to prosecute the work with promptness and diligence, which negligence and failure was certified to defendant by the architect, * * *

and defendant notified plaintiff accordingly that he (defendant) would immediately take charge of the job and complete it himself."

Plaintiff entered general denial of this allegation in defendant's answer.

The pleadings raise the issue under article 5 of the contract sued on as to the right of defendant to terminate the contract upon the event that the architect certify that the plaintiff had failed to prosecute the work with promptness, etc. There was evidence adduced that he did so certify, and the court was submitting this issue, in view of all these things, to direct the minds of the jury to the question for their determination. It is not likely that they considered any "delays" not referred to by the architect's certificate, and any delays within a reasonable period of time "prior to" the certificate, and any such at the time could have been and likely were considered by him in deciding to make the certificate.

[2] Second assignment complains of the failure of the court to give a special charge presented by plaintiff, submitting the question as to whether or not the architect made any certificate of failure on the part of plaintiff to prosecute the work with promptness. The defendant specially pleaded that such certificate was made and given to him, and he and the architect testify to it, and no one in a position to do so disputed the fact (the certificate being one to be made by the architect to the defendant), so under the rule that, where a case is being submitted to a jury upon special issues, it is unnecessary to submit a question where the facts upon which it is based are established by clear and undisputed testimony, there was no error for the court to refuse to give the special charge asked. Parker v. Citizens' Ry. Co., 43 Tex. Civ. App. 168, 95 S. W. 38.

The third, fourth, fifth, thirteenth, and seventeenth assignments complain of the action of the trial court in refusing to give special charges requested by plaintiff which suggested special issues which he claims were controverted issues raised by the pleadings and evidence and not submitted by the court in the general charge.

The sixth and seventh charge error in language used by the court in submitting special issues Nos. 7 and 9, because they were upon the weight of the evidence.

Eighth, ninth, tenth, eleventh, and twelfth charge that the court erred in admitting in evidence the certificate of the architect as to certain items claimed by defendant to have been expended in finishing building, because same were not made under oath.

Fourteenth, fifteenth, sixteenth, eighteenth, and nineteenth assignments complain that the court erred in sustaining objections of defendant to certain evidence offered by the plaintiff.

Finding that the trial court's rulings in admitting and excluding evidence were correct, that the case was fully and fairly submitted under the general charge of the court, and that it was not error to refuse the special charges requested by the plaintiff, all assignments of error are overruled, the judgment of the trial court is affirmed.