Carnegie Public Library Association of Brownwood, Texas, v.
P. A. Harris et al.

Decided May 9, 1906.

**1.—Special Issues—Verdict—Compliance with Contract.**

On the issue whether a building contractor had complied with his undertaking, the jury, in response to one question propounded them, found that he had substantially complied, and to two other questions found that he had not complied "to the letter." Held, a finding of substantial compliance.

**2.—Building Contract—Performance—Architect's Certificate.**

A contractor agreed to erect a building to the satisfaction of the architect, who was made agent for the owner, the contract providing that no certificate by him, as to performance, should be conclusive on his principal, except the final one. Held, that the architect's final certificate was conclusive that the contractor had complied with his undertakings, in the absence of fraud or gross negligence.

**3.—Same—Action on Bond.**

An action for recovery of damages for the use of inferior materials, brought on the bond of a building contractor to perform his undertaking, is precluded, equally with one on the building contract itself, by the certificate of performance given by the architect, and which the contract had made conclusive.

Appeal from the District Court of Brown County. Tried below before Hon. Jno. W. Goodwin.

*T. C. Wilkinson* and *I. J. Rice,* for appellant.—The architect not having the power, under the terms of the contract, specifications and bond, to bind appellant to accept inferior work and improper material, the question of fraud and conspiracy between Harris and the architect was improperly submitted to the jury, and having been submitted the answers to such questions should have been disregarded by the court in rendering his judgment. Galveston, H. & S. A. Ry. Co. v. Henry & Dilly, 65 Texas, 686; Cannon v. Hunt, 38 S. E. Rep., 983, 49 S. W. Rep., 284; Clacious v. Black, 50 N. Y., 145, 67 S. W. Rep., 40.

*Boynton & Boynton,* for appellees.—By the terms of their written contract the work was to be performed under the supervision and direction of an architect, employed by appellant, and subject to his approval, and the issuance by the architect of his final certificate is binding and conclusive on all parties unless fraud be pleaded and proved. Boettler v. Tendick, 73 Texas, 493; Kilgore v. Northwest Texas Bap. Ed. Soc., 89 Texas, 465; Brin v. McGregor, 45 S. W. Rep., 923; Collier v. Betterton, 8 Texas Civ. App., 479; Johnson v. White, 27 S. W. Rep., 174; Wright v. Myer, 25 S. W. Rep., 1122; Martinsburg & P. R. R. Co v. March, 114 U. S., 550; Kennedy v. Poor, 151 Pa. St., 472; Chicago, S. F. & C. R. R. Co. v. Price, 138 U. S., 185; Elliott v. Missouri, K. & T. Ry., 74 Fed. Rep., 707.

KEY, Associate Justice.—P. A. Harris brought this suit against the Carnegie Public Library Association of Brownwood, Texas, a corporation, to recover a balance alleged to be due him on a contract for the construction of a library building.

The defendant filed a general denial and a cross bill impleading W. W. Cameron, and asserting that plaintiff had failed to comply with his contract, and that the defendant was entitled to recover upon the bond given by the plaintiff with Cameron as surety. The cross bill set forth the particulars in which it was alleged the plaintiff had breached the contract, admitted the employment of Herbert as architect, but charged that he fraudulently conspired with the plaintiff, and negligently and fraudulently permitted the use of inferior material to be used in the building. It was also charged that if Herbert was not guilty of fraudulent conduct, that he was guilty of gross negligence.

These averments were all controverted by the plaintiff in a supplemental petition filed by him. Cameron filed an answer embracing a general denial, and adopting the pleadings of the plaintiff Harris.

The case was submitted to the jury upon numerous special issues; and, upon a verdict answering the special issues submitted, the court rendered a judgment for the plaintiff for $1,138.50, with interest thereon, and the defendant has appealed.

Under the first and second assignments of error, the contention is made that the plaintiff was not entitled to recover because the jury failed to find that he had substantially complied with his contract. In response to the tenth issue submitted the jury found that the plaintiff had substantially complied with the contract. The same question was submitted twice thereafter, and the jury replied each time, "No, not to the letter." Considering these questions and the response made thereto by the jury, we think it was the latter's intention to find that the contract had been substantially complied with. But in view of the power conferred upon the architect, and the final certificate given by him, the question referred to is of little importance.

Other assignments assail the action of the court in holding that the contract vested in the architect the power to bind appellant. The contract stipulated that Herbert was to be the architect "acting for the purposes of this contract as agent of said owner;" and, after providing that the work was to be done under the direction and to the satisfaction of Herbert, and for many other details, the tenth article reads as follows: "It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

We think it is manifest from the language quoted that it was the intention of the parties that the final certificate of the architect should be conclusive evidence of performance of the contract by the plaintiff. Unless this construction is adopted, the words "except the final certificate," are meaningless, and have no place in the contract. It is a well settled rule that when it can be done every word of a written contract is to be given a meaning, and we see no reason why that rule should not apply in this case. The architect gave a final certificate showing that the plaintiff was entitled to the amount sued for and recovered; and, according to well settled rules of law, the jury having found that there was no fraud and that the architect was not guilty of gross negligence,

the plaintiff was entitled to recover. (Boettler v. Tendick, 73 Texas, 493; Kilgore v. Northwest Texas Bap. Ed. Soc., 89 Texas, 465; Brin v. McGregor, 45 S. W. Rep., 923; Collier·v. Betterton, 8 Texas Civ. App., 484; Johnson v. White, 27 S. W. Rep., 174.)

The further contention is urged that if the certificate of the architect be held to constitute conclusive evidence of compliance with the contract, still appellant would not be cut off from its cross action for damages upon the bond, upon a showing that the plaintiff had used inferior material, etc. This contention is overruled. The bond and contract must be construed together, and if the plaintiff did not breach the contract, there was no breach of the bond.

There are some criticisms urged against the charge of the court, but in our opinion they are without merit. In some respects the findings of the jury are assailed, but, insofar as they are essential to the correctness of the judgment, we find testimony which supports them.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.