## BUCHANAN & GILDER v. GIBBS.

(Court of Civil Appeals of Texas. San Antonio. May 7, 1913.)

1. CONTRACTS (§ 284*)—BUILDING CONTRACTS —DECISION OF ARCHITECT.

A building contract providing that the decision of the architect, on any disputed point, shall be final and conclusive as to matters relating to the construction, his action is binding on the parties, in the absence of fraud or gross mistake, necessarily implying bad faith or a failure to exercise an honest judgment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

2. CONTRACTS (§ 284*)—BUILDING CONTRACTS —MATERIALS REQUIRED.

The provision of the specifications, made part of a building contract, "wainscoting, pilasters, etc., in all corridors, * * * all lavatories and all stairs where shown" to be of marble, can well be construed by the architect to require marble wainscoting in the basement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

3. CONTRACTS (§ 284*)—BUILDING CONTRACTS —MATERIALS TO BE FURNISHED.

The provisions of specifications, made part of a building contract: "Wash basins: Throughout the building to be * * * complete as shown * * * these basins to be set in all lavatories and in first floor and basement where shown, but only roughed in for wherever shown in offices from second floor up. * * * There are 20 basins in this contract to be located in offices designated by the owner during construction of the building, and in making bids on the work the contractor shall stipulate how much he will put in the extra basins for in these places"—justifies the ruling of the architect that the 20 basins were to be furnished by the contractor as included in the contract price for the building.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

4. CONTRACTS (§ 284*)—BUILDING CONTRACTS — DETAILS AS TO MATERIALS — SUPPLYING BY ARCHITECT.

The provision of a building contract that, if the plans and specifications have omitted any of the details necessary to completion of the building, they shall be worked out and furnished by the architect, and the contractor shall complete the work accordingly, as if such details had been actually set out, authorizes the architect to decide as to the material of a wainscoting, if that detail was omitted.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

5. CONTRACTS (§ 199*)—BUILDING CONTRACTS —PROVISION AS TO MATERIALS.

The provision of a building contract, after one that wainscoting and certain other things shall be of marble, that "in fact wherever marked 'marble' in plans, details, elevations or sections" a certain kind of marble shall be used, does not mean that if wainscoting is not marked "marble" that material shall not be used, but is an addition to the enumerated parts that are to be of marble.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 884–889; Dec. Dig. § 199.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by Buchanan & Gilder against C. C. Gibbs. Judgment for defendant. Plaintiffs appeal. Affirmed.

D. A. McAskill and Theodore E. Simmang, both of San Antonio, for appellants. Denman, Franklin & McGown, of San Antonio, for appellee.

FLY, C. J. Appellants sought to recover of appellee the sum of $1,800, alleged to be due for extra work performed and certain marble basins placed in a certain building at the corner of Houston street and Avenue D, in the city of San Antonio, which appellants had contracted to erect for appellee. Appellee denied that the work was extra or that the basins were not included in the contract, and alleged that the full contract price of the building had been paid to appellants by appellee. It was further alleged that, if there should be any doubt as to the work and material being included in the contract, the doubt had been resolved in favor of appellee, and that by the terms of the contract the award of the architects was made final and conclusive. It was claimed, in a supplemental petition and a trial amendment filed by appellants, that the award of the architects was unjust, unfair, and fraudulent.

The evidence shows that appellants contracted to erect a certain office building for appellee in San Antonio for the sum of $214,000, and appellee paid appellants that sum. During the erection of the building a difference arose between appellants and appellee as to whether marble wainscoting in the toilet room of the basement and 20 marble wash basins were included in or contemplated by the contract, and the architects were called upon by the parties to decide

the matter, and the architects decided that the wainscoting and marble basins were included in the contract, plans, and specifications and that appellants were not entitled to extra compensation therefor. Appellants then performed the work and furnished the marble wainscoting and basins, but protested against it. Appellants, by the terms of the contract, bound themselves to furnish all the labor, material, and other things necessary to build the house, and to complete and turn it over to appellee strictly according to the true intent and meaning of the plans and specifications and on the approval of the architects, and that "in the event of any doubt or question arising respecting the true meaning of any of the drawings or specifications in this contract mentioned, reference shall be made to said architects, whose decision thereon shall be final and conclusive." The specifications, which were made a part of the contract, contained the following clause: "Should it appear that the work hereby intended to be done, or any of the matters relative thereto, are not sufficiently detailed, or explained on the drawings or in the specifications, the contractor shall apply to the architect for such further drawings or explanations as may be necessary, allowing a reasonable time for the architects to supply same, and the contractor shall conform to same as a part of the contract, in so far as they may be consistent with the original drawings; in the event of any doubt or question arising respecting the true meaning of the drawings or specifications, reference shall be made to the architects, whose decision thereon shall be final and conclusive. No alleged or oral admission, condonation, or inadvertent neglect on the part of the architects will be accepted as an excuse for bad work." The architects in other parts of the specifications are given the power of interpretation of all parts of the contract, plans, and specifications, to order necessary changes "and define the true intent and meaning of the drawings and specifications." The use of marble in the building is thus shown in the specifications: "Wainscoting, pilasters, etc., in all corridors, entrance hall, all lavatories and all stairs where shown, and in fact wherever marked 'marble' in plans, details, elevations or sections to be best quality selected light 'Creole' Georgia marble, highly polished and of thickness shown in details, and to be secretly secured, perfectly plumb, straight and true and even with absolutely tight and close joints (joints approved by architects) and left in perfect condition." "Risers for stairs to basement and from first to second story to be of polished Georgia marble, secured with brass bolts N. P. threads for all stairs to be of Georgia marble, 1¼ inches thick, smooth sanded finish, with nosings to detail, all secured to iron work of satirs (stairs) as directed." As

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to wash basins it was provided: "Wash Basins: Throughout the building to be similar Standard Sanitary Mfg. Co.'s plate P. 535, enameled all over and fitted with geillow cocks complete as shown and described in every respect, these basins to be set in all lavatories and in first floor and basement where shown, but only to be roughed in for wherever shown in offices from second story up, in these cases the supply, waste and vent pipes are to be made flush with the wall, neatly capped for future connection of basin when required. There are 20 basins in this contract to be located in offices designated by the owner during construction of the building, and in making bids on the work the contractor shall stipulate how much he will put in the extra basins for in these places. Where double basin is called for in basement use style similar to plate P 600, same as Co.'s, but with separate waste and vent to each basin." The plans did not call for marble in the two closets in the basement, but the details show marble.

[1] When the parties to a contract have agreed that the decision of an architect or civil engineer, on any disputed point, shall be final and conclusive as to matters relating to the construction of a building or other structure, his action in the premises will be binding and conclusive upon the parties to the contract, in the absence of evidence of fraud, or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment. Kettler Mfg. Co. v. O'Neil, 57 Tex. Civ. App. 568, 122 S. W. 900. That decision was approved by the Supreme Court of this state and is sustained by numerous decisions. Railway v. Henry, 65 Tex. 685; Boettler v. Tendick, 73 Tex. 493, 11 S. W. 497, 5 L. R. A. 270; Railway v. Perkins, 88 Tex. 67, 29 S. W. 1048; Jones v. Gilchrist, 88 Tex. 88, 30 S. W. 442; Jones v. Risley, 91 Tex. 1, 32 S. W. 1027; Kihlberg v. United States, 97 U. S. 398, 24 L. Ed. 1106; Railway v. March, 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255.

[2] The fourth and fifth assignments state that the court erred in holding that the decision of the architects was final and conclusive although fraudulently made, and there would be foundation for vigorous complaint if the trial court had so held. No such ruling was made, however, for there was no evidence whatever of fraud, nor of gross mistake. On the other hand, there was sufficient ground and reason for the decision of the architects that the basement should be wainscoted in marble as were the other floors of the building, and that the basins should be furnished. It was provided, as hereinbefore shown, that the "wainscoting, pilasters, etc., in all corridors," should be of marble, that all lavatories should be of marble, and that "all stairs where shown" should be of marble. The architects could well construe that clause to require the marble wainscoting in the basement.

[3] The clause as to wash basins was ample to justify the ruling that they should be furnished by appellants. The reference to the 20 wash basins that were to be located in offices to be designated by the owner during construction of the building forms no basis for the contention that extra basins were contemplated which were to be paid for as extras over and above the amount bid, for it is required that they should be included in the amount bid, or, as recited in the specifications, "in making bids on the work the contractor shall stipulate how much he will put in extra basins for in these places." It was never contemplated that the 20 wash basins should not be included in the contract price.

[4] It cannot be denied by appellants that they were bound to complete the basement with marble or some other material, and who was to decide the material? Evidently if that detail was omitted it was provided for in that part of the contract where it was "further understood and agreed that if said plans and specifications have omitted any of the details necessary to such completion of said building, such details are to be worked out and furnished by said architects, and first parties are to complete the work accordingly as if such additional details had been actually set out in the plans and specifications hereto attached." If the detail as to the wainscoting was omitted in the plans and specifications, the architects had full authority to and did supply the detail. The contract is plain, and the architects acted within its provisions, and appellants are bound by their decision.

[5] In the section of the contract providing that the wainscoting, pilasters, lavatories, and stairs where shown, should be of marble, it is provided in addition that "in fact wherever marked 'marble' in plans, details, elevations or sections" a certain kind of marble should be used. That provision did not, as contended by appellants, mean that if the wainscoting, pilasters, etc., were not marked 'marble' that material should not be used, but it is an addition to the enumerated parts of the building that were to be of marble.

There was no evidence whatever of gross mistake or fraud, or dishonest dealing upon the part of the architects, and the court did not err in instructing a verdict for appellee.

The judgment is affirmed.