[No. 7857.]

## FERGUSON ET AL. V. CHRISTENSEN.

1. MECHANIC'S LIEN—*Action to Enforce—Time of Institution.* A suit to enforce a mechanic's lien must be instituted within six months after the completion of the building structure, or improvement (Rev. Stat., sec. 4034). (47.)

2. —— Under a second cause of action, damages were claimed by plaintiff for alleged extra material and labor furnished. Held, that where it was undisputed that such labor and material were furnished in an attempt on the part of the contractor to remedy faulty construction, a judgment based upon this cause of action in any amount was erroneous.* (47.)

3. —— *Contract that the Architect's Certificate Shall be Conclusive—Effect.* It is competent for either party to allege and prove that the architect did not exercise an honest judgment, or that he acted arbitrarily, capriciously, and in bad faith. Where such allegations are established, the architect's certificate loses its conclusive effect. (48.)

4. —— *Architect's Certificate Prematurely Given—Effect—Contract Construed.* The provision of a building contract that final payment shall be made at a specified number of days after the completion of the building has, for one purpose, to give the architect and owner time to thoroughly inspect the work, so that the architect may act intelligently. (49.)

The effect of an architect's certificate given prematurely, not decided, but *held* that the time when, and the circumstances under which it was given, are competent to go to the jury. (50.)

5. —— *Evidence—Competency.* As tending to show bad faith on the part of the architect, the owner may give testimony that the building was not constructed in substantial conformity to the contract, that the architect knew of the defects, and arbitrarily gave the final certificate. (50.)

*Syllabus by GARRIGUES, J.

*Error to Denver District Court.* Hon. GREELEY W. WHITFORD, Judge.

Mr. T. E. WATTERS, Mr. PERCY S. MORRIS, for plaintiffs in error.

Mr. HUGH MCLEAN, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

This action was commenced October 13, 1911, by Christensen, defendant in error, designated hereinafter as plaintiff, against James S. Ferguson and his wife, plaintiffs in error, spoken of as defendants, to recover a balance-alleged to be due him as contractor for constructing a dwelling house, barn and other improvements for James S. Ferguson, and to foreclose a mechanic's lien upon the premises, the title to which stands in the name of his wife. Trial was to the court which awarded plaintiff a personal judgment against James S. Ferguson in the sum of $711.45, and entered a decree foreclosing the lien against the property. Defendants bring the case here for review.

The complaint alleges that on or about the 27th of August, 1910, plaintiff, as contractor and builder, entered into a written agreement with James S. Ferguson for the construction of the improvements according to the contract, and pursuant to plans and specifications attached to and made a part thereof. This contract, which is set out in full, contains, *inter alia,* the following provisions:

"Article II. It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of said architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final.   *   *   *"

"Article IX.   *   *   * It is hereby mutually agreed that the sum to be paid by the owner to the contractor   *   *   * shall be paid only upon certificate of the architect   *   *   *. The final payment shall be made thirty-five days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued."

"Article X. It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no pay-

ment shall be construed to be an acceptance of defective work or improper materials."

The complaint then states that plaintiff furnished all the materials and performed all the labor according to the provisions of the contract; that the total amount due him, including extras agreed upon, is $8,203.50, less $7,605.08, paid by defendants, and that he obtained from French, the architect, certificates for the balance due him, as follows:

"Certificate No. 8.

Contract price ...............$7,737.00
Extra work ..................  475.13
Deduction ...................    8.63
Total .......................  8,203.50
Former certificate ..........  7,605.08
Present certificate .........   498.42
Total .......................  8,103.50
Balance .....................   100.00
        $498.42            3-28-1911.

To J. S. Ferguson,

This is to certify that S. Christensen, contractor for the general work of your building at 2272 Colorado B., Denver, is entitled to an 8th payment of four hundred ninety-eight 42-100 dollars, by the terms of contract.

                    P. M. French, Architect.

Remarks:

8.36 deducted from plumbing extra. Extra of 25.00 for room in stable checked and found O.K. Bal. of 100.00 retained to make good unfinished and unsatisfactory work."

"Certificate No. 9.

Contract price ...............$7,737.00
Extra work ...................  475.13
Deduction ...................    8.63
Total .......................  8,203.50
Former certificate ..........  8,103.50

Present certificate ............     100.00
Total ......................  8,203.50
Balance ...................... .
         $100.00              Apr. 8, 1911.

To J. S. Ferguson,

This is to certify that S. Christensen, contractor for the general work of your building, 2272 Colorado B., is entitled to a 9th payment of one hundred 00-100 dollars, by the terms of contract.

                         P. M. French, Architect."

Payment upon these certificates was refused. It is then alleged that the buildings, structures and other improvements were completed under the contract on April 13, 1911, and a lien statement made and served on defendants, and filed as provided by statute.

The second cause of action claims $150.00 for alleged extra work and materials furnished.

The answer denies the contract was performed according to its provisions, or pursuant to the plans and specifications; admits the demand and refusal to pay architect's certificates Nos. 8 and 9; denies the improvements were completed on April 13, 1911, and alleges that they were completed prior to April 8, 1911.

A second defense to the first cause of action alleges that the contract was completed before April 13, 1911, and the action to foreclose the mechanic's lien was not commenced within six months after the completion of the building, structures and other improvements.

The third defense to the first cause of action denies that architect's certificate No. 9 was a final certificate, and alleges that while it was intended by him to be such, it was prematurely given April 8, 1911, and before the improvements were completed. It then alleges that plaintiff did not construct the improvements in substantial compliance with the contract; plans and specifications, and specifically

points out in detail in what respects he failed to do so. It further sets out that defendants objected to the alleged defects and refused to accept the improvements as being in substantial compliance with the contract; that defendants repeatedly called the architect's attention to these matters, and that he well knew the improvements were not constructed in substantial conformity with the contract, plans and specifications; but notwithstanding this, he, in bad faith, issued the certificates without the knowledge or consent of defendants, and in total disregard of their protests and objections. It is then alleged that the architect, in superintending the construction of the improvements and in giving the architect's certificates, acted in bad faith, and failed to exercise an honest judgment in the discharge of his duties.

Answering the second cause of action, they admit the extra work was performed, but allege it was occasioned by fault of the contractor in the first instance, and was for the purpose of attempting to correct defective workmanship and material.

Defendants then set up a counter-claim for damages alleged to have been occasioned by plaintiff by reason of defective workmanship and materials entering into the construction of the improvements, specifying these defects in detail and alleging the bad faith of the architect substantially as set forth in the third defense to the first cause of action.

On motion of plaintiff, all the allegations of new matter in the answer and counter-claim in relation to the non-compliance with the terms of the contract, bad faith of the architect, and alleged damages, were stricken. Defendants elected to stand upon their answer and counter-claim as filed, without amending, and introduced no evidence.

From admissions in the pleadings and evidence of plaintiff, it appears the improvements were completed under the contract April 10, 1911; that the work mentioned in the

second cause of action was not extra work to be paid for by the owner, but was performed by the contractor in an attempt to remedy defects in faulty construction and material.

2. Section 4034, R. S. 1908, provides: No mechanic's lien shall hold the property longer than six months after the completion of the building, structure or other improvement, unless an action be commenced within that time to enforce the lien. The action in this case was not begun within the time limited by the statute. It therefore follows that the right to enforce the lien was lost and that the decree foreclosing it must be reversed.

3. There being no question but that the second cause of action was based on labor and material furnished by the contractor in an attempt to make good or remedy faulty construction, a judgment upon it for any amount was erroneous.

4. The contract provides that the architect's final certificate of the amount due the contractor shall be conclusive evidence of his performance of the contract; that all payments shall be due when the architect's certificate for the same are issued, and the final payment shall be made thirty-five days after the completion of the work included in the contract. It was the duty of the architect to see that the building was constructed according to the plans and specifications, and his final certificate is made conclusive evidence of the performance of the contract. His certificate is a liquidation of the amount due from the owner to the contractor. It, in effect, was an account stated, or amount agreed upon as the balance due the contractor, and, being confessed by the answer, plaintiff was under no obligation in the first instance to introduce evidence to sustain his claim of the balance due, but was entitled to a judgment against Ferguson upon the face of the architect's certificate, unless the owner's plea of new matter and counter-claim was proper and sufficient, if true, to constitute a defense.

The question then arises upon the motion to strike the new matter and counter-claim from the answer, which we will now consider.

It is a matter of common knowledge that owners are very much in the power of contractors and architects, especially where they contract away, as was done in this case, the right of appeal to the courts, by providing in the contract that the architect's final certificate shall be conclusive evidence of the performance of the contract by the contractor. To prevent fraud, injustice and oppression the courts have universally held, where such a contract was involved, that it is competent for either party to allege and prove, for the purpose of avoiding the certificate, that the architect did not exercise an honest judgment, or that he acted arbitrarily, capriciously and in bad faith. The answer set up such new matter in defense, from which, if true, the jury might have found that the architect acted in bad faith, and might have refused on this account, under proper instructions from the court, to consider the final certificate as conclusive evidence that the contract had been substantially performed; and for the purpose of the motion, the allegations of the answer are taken as true. It therefore follows that the court erred in striking the new matter and counter-claim from the answer. *Tetz v. Butterfield,* 54 Wis. 242, 11 N. W. 531, 41 Am. Rep. 29; *Boston Store v. Schleuter,* 88 Ark. 213, 114 S. W. 242; *Frolich v. Klein,* 160 Mich. 142, 125 N. W. 14; *Peet v. City,* 108 Minn. 426, 122 N. W. 327; *Chandler v. Wheeler* (Tenn. Ch. Ap.), 49 S. W. 278; *Concord Co. v. O'Brien,* 228 Ill. 360, 81 N. E. 1038; *Carnegie Ass'n v. Harris,* 43 Tex. Civ. App. 165, 97 S. W. 520; *Hatfield Dist. v. Knight* (Ark.), 164 S. W. 1137; *Taub v. Woodruff* (Tex. Civ. App.), 134 S. W. 750.

In the latter case it is said:

"The issue of bad faith on the part of the architect was raised by the pleading and evidence, but was not submitted to the jury. If upon a proper submission the jury

should find that the architect acted arbitrarily and in bad faith in declaring the contract forfeited or in making his certificates of the cost of completing the work, such certificates should not be considered by the jury."

5.   The contract provides that the final payment shall be made thirty-five days after the completion of the work. One object of this provision is to give the architect and owner time to thoroughly inspect the improvements, so the architect may know and be able to truthfully certify that the work has been completed in conformity with the contract.   All payments under the contract were due when certificates for the same were issued, but the final payment was not due until thirty-five days after the completion of the work.   Therefore, to make the provisions harmonious in this respect, it would appear that the final certificate should not have been given until thirty-five days after the completion of the work.   It was given two days before the completion.   There is no doubt that the architect intended when he gave it that it should be a final certificate, and we do not wish to be understood as holding that it is not, or that it is not conclusive and binding, merely because it was prematurely given.   It may be, as contended, that payment on it was simply suspended until thirty-five days after the completion of the work; but in considering the good faith of the architect, the time when, and circumstances under which it was given would be competent to go to the jury to be considered by them in connection with all the evidence.

6.   One duty undertaken by, and resting upon, the architect, which he owed alike to both parties, was to see that the building was completed in substantial conformity with the plans and specifications, and it would seem in the proper discharge of his duties he ought to have known before he gave a final certificate whether the building was so completed.   How could he exercise an honest judgment without knowing, not absolutely—because he might be mistaken or imposed upon—but within a reasonable certainty, that the

contract had been substantially' complied with?     If he did
not know, or have reasonable cause to believe that his cer-
tificate was true, or if he knew it was false, and the build-
ing was not so constructed, then he acted in bad faith in
giving the certificate.   In *Hatfield Dist. v. Knight, supra,*
where the contractor claimed the architect had acted in bad
faith, it was held he had the right to show the building was
not constructed in substantial conformity with the contract,
as tending to show the bad faith of the architect.  Upon rea-
son it would seem if the contractor could show that he con-
structed the building in substantial conformity with the
contract, as tending to show the bad faith of the architect,
that the owner should be allowed to show that the building
was not so constructed, and that the architect's attention
was called to it, that he knew of the defects, and, notwith-
standing, arbitrarily gave the final certificate, as tending
to show bad faith.

Under the pleadings and circumstances in this case, we
think the defense regarding bad faith of the architect should
have been submitted to a jury.  If they resolved that issue
in favor of the plaintiff, the final certificate would be con-
clusive evidence of the due performance of the contract,
and this, of course, would end the controversy, nothing re-
maining but the duty of the court to enter judgment upon
the certificates.  But if they found, upon sufficient and com-
petent evidence, that the final certificate was given in bad
faith, they should have been told by appropriate instruc-
tions to disregard it and determine whether the improve-
ments were constructed in substantial conformity with the
contract, and if not, what damages, if any, were occasioned
thereby.

The case is reversed and remanded, with instructions
to the lower court to overrule the motion to strike the third
defense and counter-claim from the answer; to dismiss the
action as to the mechanic's lien; also the second cause of
action, and to proceed under the issues raised by the third

defense and counter-claim, and for this purpose to permit the pleadings to be amended as either party may be advised.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.